IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| FORD MOTOR COMPANY, a Delaware corporation, | **ANSWER OF DEFENDANTS** |
| Plaintiff, | Civil No.: 1:11-CV-92 |
| vs. | Chief Judge Curtis L. Collier |
| HERITAGE MANAGEMENT GROUP, INC., a Tennessee corporation, and MARC A. COLLINS, an individual, | Magistrate Judge Susan K. Lee |
| Defendants. | |

## ANSWER OF DEFENDANTS

For answer to the Verified Complaint in this matter, Defendants Heritage Management Group, Inc. ("Heritage") and Marc A. Collins ("Collins") hereinafter referred to collectively as "Defendants", state as follows:

### FIRST DEFENSE

These defendants have never been served with the required summons or complaint, but now answer only due to this Court's Order of June 21, 2011. Service of process is insufficient.

### SECOND DEFENSE

In response to the allegations of the Verified Complaint, Defendants state as follows:

1. This paragraph summarizes the allegations of the Verified Complaint (hereinafter "Complaint"), and no response is necessary. To the extent a response is necessary, all allegations of liability are denied.

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 of the Complaint are admitted, except that Collins is not the sole officer and director of Heritage.

4. The allegations of Paragraph 4 are admitted.

5. In response to the allegations of Paragraph 5 of the Complaint, Defendants admit that they conduct business in this District.

6. In response to the allegations of Paragraph 6 of the Complaint, Defendants admit that this Court has subject matter jurisdiction.

7. The allegations of Paragraph 7 of the Complaint are admitted.

8. The allegations of Paragraph 8 of the Complaint are admitted.

9. The allegations of Paragraph 9 of the Complaint are admitted, upon information and belief.

10. The allegations of Paragraph 10 of the Complaint are admitted.

11. The allegations of Paragraph 11 of the Complaint are admitted upon information and belief, except that Defendants are without information sufficient to form a belief regarding the allegation of "highly regarded" trademarks, which is vague and ambiguous.

12. The allegations of Paragraph 12 of the Complaint are admitted, upon information and belief.

13. The allegations of Paragraph 13 of the Complaint are admitted, upon information and belief.

14. The allegations of Paragraph 14 of the Complaint are admitted, upon information and belief.

15. The allegations of Paragraph 15 of the Complaint are admitted, upon information and belief.

16. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and hence deny those allegations.

17. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and hence deny those allegations.

18. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and hence deny those allegations.

19. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and hence deny those allegations.

20. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and hence deny those allegations.

21. The allegations of Paragraph 21 of the Complaint are denied as stated. Defendants admit that genuine Ford parts were received by Heritage, and sold by Heritage. On occasion, when genuine Ford parts were received in damaged or incomplete or outdated packaging, Heritage provided replacement packaging for the corresponding genuine Ford parts.

22. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and hence deny those allegations.

23. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and hence deny those allegations.

24. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and hence deny those allegations.

25. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and hence deny those allegations.

26. The allegations of Paragraph 26 of the Complaint are denied. Defendants admit that they are not affiliated with, authorized by, or sponsored by Ford, but aver that they bought genuine Ford parts which were repackaged on occasion to correctly identify those Ford parts.

27. The allegations of Paragraph 27 of the Complaint are denied. Again, to Defendants' knowledge, only genuine Ford parts were purchased and resold, with those parts being correctly identified as Ford parts. All allegations of confusion or deception are expressly denied.

28. The allegations of Paragraph 28 of the Complaint are denied.

29. The allegations of Paragraph 29 of the Complaint are denied. The allegations of acting with intent to mislead and deceive consumers and the public in general, are expressly denied.

30. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint, and hence deny those allegations.

31. The allegations of Paragraph 31 of the Complaint are admitted, with there being no basis for Defendants to submit to Ford's quality control specifications or to pay Ford royalties.

32. The allegations of Paragraph 32 of the Complaint are denied.

33. The allegations of Paragraph 33 of the Complaint are denied.

34. In response to Paragraph 34 of the Complaint, Defendants incorporate all prior responses hereto.

35. The allegations of Paragraph 35 of the Complaint are denied.

36. The allegations of Paragraph 36 of the Complaint are denied.

37. The allegations of Paragraph 37 of the Complaint are denied.

38. The allegations of Paragraph 38 of the Complaint are denied.

39. The allegations of Paragraph 39 of the Complaint are denied.

40. The allegations of Paragraph 40 of the Complaint are denied.

41. The allegations of Paragraph 41 of the Complaint are denied.

42. In response to Paragraph 42 of the Complaint, Defendants incorporate all prior responses hereto.

43. The allegations of Paragraph 43 of the Complaint are denied.

44. The allegations of Paragraph 44 of the Complaint are denied.

45. The allegations of Paragraph 45 of the Complaint are denied.

46. The allegations of Paragraph 46 of the Complaint are denied.

47. The allegations of Paragraph 47 of the Complaint are denied.

48. The allegations of Paragraph 48 of the Complaint are denied.

49. In response to Paragraph 49 of the Complaint, Defendants incorporate all prior responses hereto.

50. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint, and hence deny those allegations.

51. Defendants are without information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint, and hence deny those allegations.

52. The allegations of Paragraph 52 of the Complaint are denied.

53. The allegations of Paragraph 53 of the Complaint are denied.

54. The allegations of Paragraph 54 of the Complaint are denied.

55. The allegations of Paragraph 55 of the Complaint are denied.

56. The allegations of Paragraph 56 of the Complaint are denied.

57. The allegations of Paragraph 57 of the Complaint are denied.

58. The allegations of Paragraph 58 of the Complaint are denied.

Any allegations of the Complaint not admitted, denied or explained are here and now denied as if fully set forth.

WHEREFORE, having fully answered the Complaint, Defendants pray that the Complaint be dismissed, with Defendants recovering their attorney's fees, costs, and any other damages to the full extent allowed by applicable law.

### THIRD DEFENSE

Defendants, to their knowledge, have never sold any counterfeit Ford parts.

### FOURTH DEFENSE

Defendants have not taken any action to deceive, mislead, or confuse any person or entity, but instead, on occasion, would receive genuine Ford products in damaged, missing or outdated packaging, and would provide replacement packaging for the genuine Ford products which then were sold.

### FIFTH DEFENSE

To Defendants' knowledge, all recipients of any Ford parts containing replacement packaging received genuine Ford parts which were correctly identified on that packaging.

### SIXTH DEFENSE

No damage to Plaintiff has resulted from the conduct of Defendants.

### SEVENTH DEFENSE

There is no likelihood of confusion regarding any Ford mark.

### EIGHTH DEFENSE

No actions of the Defendants have confused, deceived or mislead any customers, purchasers, or the general public. At all times, defendants bought and sold genuine Ford parts

which were correctly identified as Ford parts, with each purchaser receiving what they intended to receive.

## NINTH DEFENSE

No actions of the Defendants have diluted, tarnished, blurred or otherwise harmed the distinctiveness of any Ford mark. Defendants' actions correctly identified the genuine Ford parts they bought and sold.

## TENTH DEFENSE

For the reasons set forth herein, the Complaint fails to state a claim upon which relief may be granted.

Respectfully submitted,

GRANT, KONVALINKA & HARRISON, P.C.

By: s/Mathew D. Brownfield
Mathew D. Brownfield (BPR #10921)
Thomas M. Gautreaux (BPR #023636)
633 Chestnut Street, Suite 900
Chattanooga, Tennessee 37450-0900
(423) 756-8400

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 30, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States mail. Parties may access this filing through the Court's electronic filing system.


                _s/Mathew D. Brownfield_

P:\Folders A-H\H881\001\20-11-05-25 answer of defendants.doc